UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CYNTHIA JAMPEL,

    *Plaintiff,*

v.

JUSTFOODFORDOGS, LLC,

    *Defendant.*

_____/

CASE NO.:

# COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. Plaintiff direct sold high-end dog food for Defendant. She was very successful. She was fired just before her 73rd birthday. She reapplied for a similar position. She was not granted an interview after answering Defendant's questionnaires that asked her, among other things, if she was "under age 40?".

2. Plaintiff seeks damages for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("**ADEA**"), the California Fair Employment and Housing Act ("**FEHA**") and the Florida Civil Rights Act of 1992 ("**FCRA**").

## PARTIES

3. Plaintiff is a resident of Palm Beach County, Florida. At all times material, she was an employee of Defendant.

4. Defendant is a California company with its principal address in Orange County, California. At all times material, Defendant was Plaintiff's employer.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for claims arising under 29 U.S.C. § 623.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because they are so closely related to her ADEA claims that they form part of the same case or controversy. 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant because Defendant continuously conducts business within this District.

8. Venue is proper because Defendant is subject to personal jurisdiction in this District and because the acts complained of and giving rise to the claims occurred in this District. 28 U.S.C. § 1391.

9. Plaintiff has satisfied all conditions precedent to bringing her claims. She dual filed with the EEOC and the California Civil Rights Department on November 1, 2023. On May 17, 2024, Plaintiff communicated in writing to the EEOC-assigned investigator that her charge should also be filed with the Florida Commission on Human Relations to pursue claims under the Florida Civil Rights Act of 1992. She received a right to sue from the EEOC on November 17, 2025. She never received notice of rights from the relevant California or Florida commissions. This timely suit follows less than 90 days since the issuance of the EEOC's right to sue.

## GENERAL ALLEGATIONS

10. Defendant produces and markets fresh dog food throughout the United States. Its products are purchased at various physical locations (including its own stores and nationwide pet stores) as well as over the internet.

11. In August 2022, Defendant hired Plaintiff in the role of Nutrition Consultant Partner ("**NCP**") to work at a PetCo in Palm Beach Gardens, Florida.

12. At the time, she had approximately 7 years of pet nutrition experience.

13. At the time of her hiring, Plaintiff was 72. Defendant was unaware of Plaintiff's age upon her hiring. She did not provide documentation of her age (such as her driver's license, social security card, and passport) until after her hiring.

14. Plaintiff generated a significant benefit for Defendant: Due to her efforts, the location where she worked became one of Defendant's successful stores not just in Florida but the entire Southeast.

15. She was not late, she did not call out of shifts.

16. In other words, she not only met but exceeded any of Defendant's expectations of her.

17. In June 2023, Defendant fired Plaintiff without cause. She was told to leave the premises immediately.

18. Defendant continued to seek to fill NCP positions with people substantially younger than Plaintiff.

19. In October 2023, Plaintiff applied for a Regional Area Nutrition Consultant ("**RANC**") position based primarily in Los Angeles County, California.

20. California residency was not a requirement for applying.

21. Plaintiff intended to relocate if she received the job. She had previously worked at numerous locations across the country in connection with pet nutrition jobs.

22. While filling out the RNAC application, Plaintiff was prompted to answer various questionnaires. Among the questions she was asked was: "Are you under 40?" and "Have you received SSI (Supplemental Security Income) benefits in the last 90 days?"

23. Plaintiff answered these questions truthfully.

24. She was not given an interview, let alone a job.

25. Defendant terminated Plaintiff due to her age. Then, through its discriminatory screening during the hiring process, prevented her from obtaining employment with the Company.

## COUNT I
## VIOLATION OF ADEA (DISCRIMINATION)

26. Plaintiff repeats and realleges Paragraphs 1-25 as if fully set forth herein.

27. The discriminatory, ageist conduct detailed above constitutes discrimination on the basis of age in violation of the ADEA.

28. Plaintiff, a person above the age of 40, is a protected individual under the ADEA.

29. Plaintiff suffered an adverse employment action when she was forced out of her job because of her age.

30. She was further discriminated against when she was denied an interview (and re-hiring) due to her age.

31. But for Plaintiff's age, Defendant would not have engaged in such conduct.

32. Defendant's conduct was willful.

33. Numerous levels of management were aware of what was happening to Plaintiff.

34. Defendant's practice of screening individuals on the basis of their age is a pattern and practice of Defendant that directly impacted Plaintiff.

35. Defendant acted with malice or with reckless indifference to Plaintiff's rights. Further, Defendant's management knowingly countenanced or approved of age discrimination, as

exhibited by the standardized questioning surrounding Plaintiff's age during its hiring process in late 2023.

36. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, damages.

37. Accordingly, Plaintiff is entitled to damages to the fullest extent permitted by the ADEA.

## COUNT II
## VIOLATION OF FEHA (AGE DISCRIMINATION)

38. Plaintiff repeats and realleges Paragraphs 1-25 as if fully set forth herein.

39. The discriminatory, ageist conduct detailed above constitutes discrimination on the basis of age in violation of FEHA.

40. Plaintiff, a person above the age of 40, is a protected employee under FEHA.

41. Plaintiff suffered an adverse employment action when she was forced out of her job because of her age.

42. She was further discriminated against when she was denied an interview (and re-hiring) due to her age.

43. But for Plaintiff's age, Defendant would not have engaged in such conduct.

44. Defendant's conduct was willful.

45. Numerous levels of management were aware of what was happening to Plaintiff.

46. Defendant's practice of screening individuals on the basis of their age is a pattern and practice of Defendant that directly impacted Plaintiff.

47. Defendant acted with malice or with reckless indifference to Plaintiff's rights. Further, Defendant's management knowingly countenanced or approved of age discrimination, as

5

exhibited by the standardized questioning surrounding Plaintiff's age during its hiring process in late 2023.

48. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, damages.

49. Accordingly, Plaintiff is entitled to damages to the fullest extent permitted by FEHA.

## COUNT III
## VIOLATION OF THE FCRA (AGE DISCRIMINATION)

50. Plaintiff repeats and realleges Paragraphs 1-25 as if fully set forth herein.

51. The discriminatory, ageist conduct detailed above constitutes discrimination on the basis of age in violation of the FCRA.

52. Plaintiff, a person above the age of 40, is a protected employee under the FCRA.

53. Plaintiff suffered an adverse employment action when she was forced out of her job because of her age.

54. She was further discriminated against when she was denied an interview (and re-hiring) due to her age.

55. But for Plaintiff's age, Defendant would not have engaged in such conduct.

56. Defendant's conduct was willful.

57. Numerous levels of management were aware of what was happening to Plaintiff.

58. Defendant's practice of screening individuals on the basis of their age is a pattern and practice of Defendant that directly impacted Plaintiff.

59. Defendant acted with malice or with reckless indifference to Plaintiff's rights. Further, Defendant's management knowingly countenanced or approved of age discrimination, as

6

exhibited by the standardized questioning surrounding Plaintiff's age during its hiring process in late 2023.

60. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, damages.

61. Accordingly, Plaintiff is entitled to damages to the fullest extent permitted by the FCRA.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests the Court enter judgment in her favor as follows:

a. Back and front pay resulting from Defendant's violations of the ADEA to the fullest extent permitted by law;

b. Liquidated damages resulting from Defendant's violations of the ADEA to the fullest extent permitted by law;

c. Back and front pay resulting from Defendant's violation of FEHA to the fullest extent permitted by law;

d. Compensatory and punitive damages resulting from Defendant's violations of FEHA to the fullest extent permitted by law;

e. Back and front pay resulting from Defendant's violation of the FCRA to the fullest extent permitted by law;

f. Compensatory and punitive damages resulting from Defendant's violations of the FCRA to the fullest extent permitted by law;

g. Pre-judgment and post-judgment interest;

h. An award of costs and reasonable attorneys' fees; and

i. Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all claims.

Dated: February 12, 2026 Respectfully submitted,

By: */s/ Christopher S. Prater*
    Christopher S. Prater
    Florida Bar No.: 105488
    cprater@pollardllc.com

    Jonathan E. Pollard
    Florida Bar No.: 83613
    jpollard@pollardllc.com

    **Pollard PLLC**
    500 E. Broward Blvd., #950
    Fort Lauderdale, FL 33394
    Telephone: 954-332-2380
    Facsimile: 866-594-5731
    *Attorneys for Plaintiff*